UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>MR. R. DIXON, et al.,<br><br>    Defendants. | No. 2:18-cv-0079 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2, 5. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

For the reasons stated below, the undersigned will recommend that plaintiff's request to proceed in forma pauperis be denied. It will be recommended that plaintiff be ordered to pay the required filing fee of $350.00 plus the $50.00 administrative fee,[1] in their entirety, prior to proceeding further with this action, or face dismissal.

////

////

---

[1] See 28 U.S.C. §§ 1914(a), 1915(a). Only litigants proceeding in forma pauperis are exempt from paying the $50.00 administrative fee. See 28 U.S.C. § 1914(a) (including schedule of fees).

1

I.  APPLICABLE LAW

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added).

II.  PLAINTIFF'S SECTION 1915(g) "STRIKE" CASES

A review of plaintiff's filing history in federal court indicates that the following cases of his were dismissed for reasons identified in Section 1915(g) and were adjudicated prior to the filing of the instant action:

- Blackman v. Taxdahl, E.D. Cal. No. 1:99-cv-5822 REC HGB (case dismissed for failure to state a claim on March 12, 2001);
- Blackman v. Variz, N.D. Cal. No. 3:06-cv-6398 SI (case dismissed for failure to state a claim on December 18, 2006);
- Blackman v. Mazariegos, N.D. Cal. No. 3:06-cv-7625 SI (complaint dismissed with leave to amend for failure to state a claim; case subsequently dismissed on September 4, 2007, for failure to file an amended complaint); and
- Blackman v. Mazariegos, N.D. Cal. No. 3:07-cv-2021 SI (case dismissed for failure to state a claim on September 5, 2007).

////

III.     DISCUSSION

All the preceding cases were dismissed well in advance of the January 8, 2018 filing[2] of the instant action, and none of the strikes have been overturned. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also, Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).

To extent the complaint is comprehensible,[3] it alleges that various defendants have denied plaintiff's inmate appeals or interfered with his ability to file such appeals and have denied him access to the law library. See ECF No. 1 at 2-9. These allegations do not demonstrate an imminent risk of serious physical injury at the time of filing. The undersigned will therefore recommend that plaintiff be required to pay the filing fee in full or have the complaint dismissed.

IV.     PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Because several of your previous federal lawsuits have been dismissed for failure to state a claim, you have at least three "strikes" under § 1915(g). That means you cannot be granted in forma pauperis status unless your complaint shows that you were in imminent danger of serious physical injury at the time you filed it. The claims in your complaint appear to relate primarily to your ability to file inmate appeals and go to the law library. This does not show that you were in imminent danger of serious physical injury at the time you filed it. It is therefore being recommended that you be required to pay the entire filing fee in full before you can proceed.

---

[2] Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988). Although plaintiff does not provide a certificate of service, the court will assume he submitted the complaint for mailing on the day it was signed. See ECF No. 1 at 8.

[3] Unfortunately, much of the complaint is rambling and incomprehensible. See ECF No. 1 at 1-9.

3

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign a District Court Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis, filed January 16, 2018 (ECF No. 2), be DENIED, and

2. Prior to proceeding further with this action, plaintiff be directed to pay the filing fee of $350.00, plus the $50.00 administrative fee in their entirety in light of 28 U.S.C. § 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 8, 2019.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE